**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

DEC 02 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARY ABBOTT, | No. 10-16852 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00445-GEB-DAD |
| v. | |
| CHRIS OKOYE, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Argued and Submitted October 11, 2011
San Francisco, California

Before: HUG, KLEINFELD, and W. FLETCHER, Circuit Judges.

Mary Abbott appeals the district court's grant of summary judgment to Chris

Okoye on her claims of breach of contract and breach of the implied covenant of

good faith and fair dealing. We affirm the district court.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

In 2005, Chris Okoye sued Mary Abbott's now deceased husband George Abbott, the Abbott Family Trust, and Mary Abbott, in her capacity as trustee, in Nevada state court. The Nevada court granted the Abbott defendants summary judgment on all but one of Okoye's claims. The parties then settled the remaining claim, and, pursuant to the settlement agreement, the case was dismissed with prejudice. Okoye then filed a subsequent suit in California state court, raising claims similar to those raised in the Nevada state court action. Abbott contends that in filing this subsequent California state suit, Okoye breached the settlement agreement and its implied covenant of good faith and fair dealing.

On appeal, Abbott argues that the district court erred in applying Nevada, and not California, contract law in this diversity case. This argument was not presented in her initial brief to this court, and she therefore waived the choice-of-law argument. *Brookfield Communications, Inc. v. W. Coast Entertainment Corp.*, 174 F.3d 1036, 1046 n.7 (9th Cir. 1999).

Under Nevada contract law, "when a contract is clear, unambiguous, and complete, its terms must be given their plain meaning and the contract must be enforced as written; the court may not admit any other evidence of the parties' intent because the contract expresses their intent." *Ringle v. Bruton*, 86 P.3d 1032, 1039 (Nev. 2004). The settlement agreement did not contain any language that

2

released the Abbotts from future claims, nor did it contain a covenant not to sue on any such claims. Because Okoye's subsequent suit does not violate any express provision of the settlement agreement, summary judgment for Okoye was appropriate on the breach of contract claim under Nevada contract law.

The district court dismissed Abbott's breach of the implied covenant claim because it was not raised in Abbott's original complaint. Instead, Abbott raised the claim of breach of the implied covenant in her brief opposing summary judgment. Whether or not Abbott's complaint was sufficient to put Okoye on notice of her claim of breach of the implied covenant of good faith and fair dealing, Abbott fails to show that Okoye's actions breached the implied covenant. Under Nevada law, "[w]hen one party performs a contract in a manner that is unfaithful to the purpose of the contract and the justified expectations of the other party are thus denied, damages may be awarded against the party who does not act in good faith." *Hilton Hotels Corp. v. Butch Lewis Productions, Inc.*, 808 P.2d 919, 923 (Nev. 1991). Absent any language in the contract suggesting the settlement agreement barred further litigation, we cannot say that Abbott's expectation that the settlement barred further litigation was justified.

**AFFIRMED.**